IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HENRY CHRISTOPHER DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:13CV443 |
| v. ) | 1:11CR364-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Henry Christopher Davis, a federal prisoner, has brought a motion (Docket Entry 18) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.* In November of 2011 Petitioner was indicted for—and in February of 2102 pled guilty to—being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket Entries 1, 11-12; 2/7/2012 Minute Entry.) He was sentenced in June of 2012 to 120 months of imprisonment. (Minute Entry 6/27/2012; Docket Entry 17.) Petitioner did not appeal, but instead filed the instant motion on May 28, 2013. (Docket Entry 18.) Respondent has filed a response. (Docket Entry 22.) Petitioner was notified of his right to file a reply brief (Docket Entry 23) but none was filed. The matter is now prepared for a ruling. *See* Rule 8, Rules Governing § 2255 Proceedings.

---

\* This and all further cites to the record are to the criminal case.

## Factual Background

According to the Factual Background filed in support of Petitioner's guilty plea:

> At approximately 10:30 p.m. on May 20, 2011, North Carolina State Highway Patrol Trooper Kevin Johnson received a BOLO for a possibly impaired driver in a dark automobile with a broken taillight. Realizing he had just seen such a car, Johnson turned around. He eventually saw the car, noted its broken taillight, and initiated a traffic stop in the parking lot of the Dairi-O on E. King St. in King, North Carolina.
>
> The trooper approached the driver's side window. Only the driver, Davis, was in the car. Davis told Johnson he did not have a license and instead handed him his identification card, as well as the registration.
>
> A check revealed that Davis' license was suspended and that Stokes County had an outstanding warrant for his failure to appear. The trooper again approached the car. Davis was talking on a cell phone with the window down. The trooper asked Davis to exit the car.
>
> After the trooper tried to persuade Davis to get out of the car, Davis hung up his phone. Davis reached toward the gear box and pulled out a silver .25 caliber Ravens Arms pistol. He pointed it at the trooper, who drew his own weapon and fired two shots at Davis. Neither shot hit Davis.
>
> Davis then dropped the .25 caliber pistol out of the window onto the ground and exited the vehicle, at which time the trooper placed him under arrest. Several Dairi-O patrons and employees witnessed the incident and gave statements consistent with the trooper's account.

(Docket Entry 11; *see also* PSR ¶¶ 4-5.)

## Petitioner's Claim

Petitioner's motion raises a single ground for relief. Specifically, he asserts that "[c]ounsel was ineffective for failing to object to this Court's misapplication of United States Sentencing Guidelines Section 3A1.2(a)." (Docket Entry 18 at 1.) As explained below, this claim lacks merit and should therefore be denied.

## Discussion

Petitioner asserts ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010) (citing *Roe v. Flores–Ortega*, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the

likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007).

As noted, Petitioner contends that counsel was constitutionally ineffective for failing to object to the application of U.S.S.G. § 3A1.2(a). That provision (subparagraph (a)) and a related provision (subparagraph (c)), both of which are discussed below, provide that:

> §3A1.2. <u>Official Victim</u>
>
> (Apply the greatest):
>
> (a) If (1) the victim was (A) a government officer or employee . . . and (2) the offense of conviction was motivated by such status, increase by 3 levels.
>
> . . . .
>
> (c) If, in a manner creating a substantial risk of serious bodily injury, the defendant . . . —
>
> (1) knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom
>
> . . . .
>
> increase by 6 levels.

U.S.S.G. § 3A1.2 (2011).

Here, Petitioner contends that possession of a firearm by a convicted felon is a victimless crime and, therefore, counsel's failure to object to an enhancement under subparagraph (a) amounted to ineffective assistance. (Docket Entry 18 at 2-3 *citing United States v. Morrow*, 925 F.2d 779, 782 (4th Cir. 1991) ("If there is a victim for violation of 18 U.S.C.

4

922(g)(1), it is society.").) The problem with this argument is, as the Government persuasively argues, that had counsel raised the objection Petitioner now faults him for omitting, it would have had no impact on Petitioner's sentence.[1]

More specifically, the Court finds persuasive the Government's argument that had counsel objected to the application of § 3A1.2(a), that objection would, more likely than not, have caused the Court to instead impose the enhancement contained in U.S.S.G. § 3A1.2(c)(1). This is because the facts recited above meet all of the elements of U.S.S.G. § 3A1.2(c)(1). *See, e.g.*, *United States v. Janifer*, 583 F. App'x 120, 121-22 (4th Cir. 2014) (setting forth relevant elements of enhancement as (1) defendant "knew or had reason to believe that [the] Officer . . . was a law enforcement officer; (2) he assaulted [the] Officer . . . in the course of the offense or immediate flight therefrom, employing the common law definition of assault; and (3) the assault qualified as aggravated—that is—one that created at least a substantial risk of serious bodily injury"). More specifically, first, Petitioner had ample reason to believe the individual who pulled his vehicle over was a law enforcement officer. After all, the officer was in a highway patrol vehicle and would have been in uniform. The officer also demanded Petitioner's license, confirmed it was revoked, and ordered Petitioner to get out of his car.

Second, by pointing a handgun at the officer, Petitioner assaulted him. *United State v. Hampton*, 628 F.3d 654, 660 (4th Cir. 2010) (looking to the common law definition of "assault" because no such definition is found in the guidelines"); *Janifer*, 583 F. App'x at 121 ("The

---

[1] As noted above, Petitioner was provided with an opportunity to respond to the Government's argumentation on this issue, but has not responded.

common law definition of assault includes the threat or use of force inflicting a reasonable apprehension of harm; an attempt to commit battery; a battery; and any attack") (citation, quotation omitted); N.C.G.S. § 14-34.5(a) ("Any person who commits an assault with a firearm upon a law enforcement officer . . . while the officer is in the performance of his or her duties is guilty of a Class E felony").[2] It is clear from the relevant case law that pointing a firearm at law enforcement under circumstances such as those described above constitutes assault sufficient to warrant application of the six-level enhancement in § 3A1.2.[3]

Third, the assault took place during the course of the offense, that is, while Petitioner was a felon in possession of a firearm. Unlike § 3A1.2(a), § 3A1.2(c)(1) does not refer to a "victim" or require that the offense of conviction be directed at a law enforcement officer or be motivated by that officer's status. It merely requires that an assault take place "during the course of the offense or immediate flight therefrom." *See United States v. Petz*, 2012 WL 1388856, at *2 (D. Mont., April 20, 2012), *aff'd* 503 Fed.Appx. 509 (9th Cir. 2012) (unpublished). The language "during the course of the offense" in §3A1.2(c)(1) is broader and

---

[2] *See, e.g., United States v. Johnson*, 457 F. App'x 330, 332 (4th Cir. 2011) ("Johnson's conduct of pointing his firearm at the police officer constituted an assault on the law enforcement officer, justifying the six-level enhancement under § 3A1.2."); *United States v. Snowden*, 602 F. App'x 294, 297 (6th Cir. 2015) ("Because Snowden pointed his firearm directly at several of the responding officers, there is no error" in the six-level enhancement); *State v. Moore*, 773 S.E.2d 574 (N.C. Ct. App. 2015) (pointing, but not discharging, firearm at law enforcement officers sufficient to meet the elements of assault); *State v. Jessup*, 645 S.E.2d 230 (2007) (same); *State v. Frye*, 642 S.E.2d 549 (2007) (same);

[3] The commentary to § 3A1.2(c)(1) states that the section applies "in circumstances tantamount to aggravated assault... ." U.S.S.G. § 3A1.2, comment. n. 4(A). *See, e.g., United States v. Carmichael*, 267 F. App'x 290, 291 (4th Cir. 2008) ("The court applied § 3A1.2, finding that Carmichael caused Powers to fear that he would be shot, thus making the implied finding that his conduct amounted to an assault in a manner that created a substantial risk of serious bodily injury.").

6

includes relevant conduct as to the § 922(g)(1) violation. *See United States v. Blackwell*, 323 F. 3d 1256, 1261 (10th Cir. 2003). Pointing a pistol at the trooper was "relevant conduct" because it was an "act" committed "by the defendant" that "occurred during the commission of the offense of conviction" (Petitioner assaulted the trooper while illegally possessing a firearm) and while "in the course of attempting to avoid detection or responsibility for that offense" (Petitioner refused to exit his vehicle). U.S.S.G. § 1B1.3(a)(1).

Fourth, it is self-evident that pointing a firearm at someone creates a substantial risk of serious bodily injury. The guidelines define "serious bodily injury" as "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. § 1B1.1, comment. n. 1(L). Nor does the risk of injury have to be to the law enforcement officer alone, for the commentary to § 3A1.2 states: "'Substantial risk of serious bodily injury' includes any more serious injury that was risked . . . ." U.S.S.G. § 3A1.2, comment. n. 4(b). By pointing a firearm at the trooper, Petitioner caused the trooper to fear for his life such that the trooper fired at Petitioner two shots from his own gun in self-defense. This created "a substantial risk of serious bodily injury" to the trooper, to Petitioner, and to any bystander at the Dairi-O.[4]

---

[4] *See, e.g., Johnson*, 457 Fed. Appx. at 332 ("conduct of pointing his firearm at the police officer constituted an assault on the law enforcement officer"); *Carmichael*, 267 Fed. Appx. at 291 (causing police officer "to fear that he would be shot . . . conduct amounting to an assault in a manner that created a substantial risk of serious bodily injury"); *United States v. Lee*, 199 F.3d 16, 17 (1st Cir. 1999) ("[W]hatever [criminal defendant's] purpose, his efforts to seize his gun did create a substantial risk of bodily injury, whether from accidental discharge or the threat of fire from the police.").

Consequently, even if Petitioner were correct and counsel could have successfully objected to the application of a three-level enhancement (an issue the Court need not resolve), Petitioner still has not demonstrated prejudice. This is because after the application of a six level enhancement, Petitioner's sentence would remain the same. With the § 3A1.2(a) enhancement, Petitioner's guidelines range—with a total offense level 24 and a criminal history category VI—was 100 to 125 months, which became 100 to 120 months in light of the 10-year statutory maximum. (PSR ¶ 60). If Petitioner had been sentenced instead with the six-level enhancement required by § 3A1.2(c)(1), his total offense level would have been 27, his criminal history category VI, and his sentencing range 130 to 162 months. U.S.S.G. Chapter 5, Pt. A, Sentencing Table. His range then would have become 120 months because of the statutory maximum sentence for a violation of § 922(g)(1). U.S.S.G. § 5G1.1(a).

Additionally, it is clear from the record that the Court was determined to impose the greatest possible sentence, commenting at the sentencing hearing that pointing a gun at the trooper "was a serious, serious event. It is a wonder that you weren't killed in this instance." (Docket Entry 21 at 16.) The court also was "concerned about deterrence" and influenced by the need to protect the public since "[b]y your actions, you demonstrated the willingness to create a very dangerous situation." *Id.* Given these comments by the Court, Petitioner cannot establish prejudice by showing that he would have received a sentence of less than 120 months if counsel had objected.

## Conclusion

For the reasons set forth above, Petitioner's motion should be denied and this case should be dismissed. An evidentiary hearing is not warranted in this matter.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket Entry 18) be denied and that this action be dismissed.

Joe L. Webster
United States Magistrate Judge

April 18, 2016
Durham, North Carolina